**DAVID A. PECK, ESQ.** (SBN 171854)
**SEAN D. FLAHERTY, ESQ.** (SBN 272598)
**COAST LAW GROUP, LLP**
1140 SOUTH COAST HIGHWAY 101
ENCINITAS, CA 92024
Tel: (760) 942-8505
Email: DPeck@CoastLawGroup.com
Sean@CoastLawGroup.com
Attorney for Plaintiff
THE KEEP A BREAST FOUNDATION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE KEEP A BREAST FOUNDATION, A NON-PROFIT CORPORATION,<br>Plaintiff,<br>vs.<br>RHODE ISLAND NOVELTY, INC, A CORPORATION and DOES 1-25,<br>Defendants | Case No.: 11CV2936 H WMc<br>**COMPLAINT FOR:**<br>**FEDERAL TRADEMARK INFRINGEMENT; FEDERAL DILUTION; FEDERAL UNFAIR COMPETITION; CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION; UNFAIR COMPETITION; UNJUST ENRICHMENT;**<br>**DEMAND FOR JURY TRIAL**<br>Judge:<br>Dept: |

Plaintiff, The Keep a Breast Foundation alleges as follows:

**INTRODUCTION**

1. Plaintiff, The Keep a Breast Foundation ("Plaintiff") is a California nonprofit corporation that owns registered trademarks for the KEEP A BREAST® word mark, the HEART & BREASTS ® design, and the stylized mark for I (HEART) BOOBIES! ® (see below). Plaintiff also owns several trademark applications for the word marks I LOVE BOOBIES and the design I (HEART) BOOBIES!.

i♥boobies!

HEART & BREASTS® Trademark

I (HEART) BOOBIES!® Trademark

2. This is an action in law and in equity for trademark infringement, dilution, injury to business reputation, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§1051 et seq. (1994) ("Lanham Act"); the California anti-dilution statute, Business and Professions Code §§ 14247 et seq.; the California unfair business practices statute, Business and Professions Code §§ 17200 et seq., and the common law.

3. Defendants have offered products for sale that bear confusingly similar imitations of the Plaintiff's registered I (HEART) BOOBIES!® and HEART & BREASTS® trademarks. Because Plaintiff's registered KEEP A BREAST® Trademark is prominently displayed with its I (HEART) BOOBIES!® logo, the Defendants' conduct has infringed and diluted the KEEP A BREAST® Trademark. Defendants' products are not manufactured by, or under license by, Plaintiff. Defendants are not connected or affiliated with, or authorized by, Plaintiff in any way. Defendants' merchandise is likely to cause confusion and to deceive consumers and the public regarding its source and dilutes and tarnishes the distinctive quality of Plaintiff's trademarks.

4. The goodwill and reputation for quality associated with the KEEP A BREAST®, HEART & BREASTS®, and I (HEART) BOOBIES!® trademarks (collectively hereinafter referred to as "KAB Trademarks") are being threatened by Defendants' actions. Defendants have used confusingly similar and identical marks (the "Infringing Marks") to the KAB Trademarks, to sell competing goods to many of the same consumers served by Plaintiff. Unless Defendants are enjoined from using the Infringing Marks, such use will cause consumer confusion and will cause irreparable harm to Plaintiff.

5. Furthermore, in addition to adopting confusingly similar trademarks, the Defendants have adopted the overall look and feel of products being sold bearing KAB Trademarks. This was, upon information and belief, done to confuse the consuming public into believing that the products being marketed and/or sold by the Defendants were actually associated with the KAB Trademarks and/or with the Plaintiff.

6. This action seeks injunctive relief, damages, the imposition of a constructive trust and other appropriate relief arising from Defendants' willful and wrongful acts of trademark infringement, trademark dilution, and unfair competition, among other claims.

**PARTIES**

7. Plaintiff is, and at all relevant times was, a non-profit corporation organized and existing under the law of California with its principal place of business in Carlsbad, California. Plaintiff is the owner of the KAB Trademarks for use in connection with apparel products, accessories, silicone bracelets, and education services, among other products and services.

8. On information and belief, Rhode Island Novelty, Inc. ("RINCO") is a Rhode Island Corporation with offices located in Cumberland, Rhode Island.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant Does 1 through 25 inclusive ("DOES"), are at this time unknown to Plaintiff, who therefore identifies such Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that said fictitiously named Defendants, and each of them, are responsible for the events and happenings herein referred to, and negligently, recklessly, and/or intentionally proximately caused the injuries and damages alleged herein to Plaintiff.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, that when referred to in the collective sense "Defendants," that each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant actively participated in or subsequently ratified or adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff caused thereby.

**JURISDICTION**

11. This action arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

12. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

13. Personal jurisdiction over the Defendants is based on the Defendants' regular, systematic, and continuous transaction of business in this jurisdiction, and/or intentionally

infringing the Plaintiff's rights, thereby causing foreseeable injury, in this jurisdiction. KAB is informed and believes, and on that basis alleges that Defendants have actively marketed and advertised their products in California, including without limitation, attending trade shows in San Diego, and Defendants maintain plans to attend trade shows in San Diego in the future. KAB is informed and believes, and on that basis alleges, that Defendants have transacted and continue to transact substantial sales in California and have extensive California-based clientele.

14. Plaintiff's causes of action against Defendants arise directly out of Defendants' intentional infringement and commercial activities in the Southern District of California.

## VENUE

15. Venue is proper in this court under 28 U.S.C. § 1391(b) because the wrongful conduct complained of herein occurred within this judicial district in that Defendants purposefully engaged in and directed activities at this forum, including willfully infringing Plaintiff's trademark with knowledge that Plaintiff's principal place of business is in Southern California.

16. Defendants regularly market, advertise, sell, and ship competitive products to consumers and businesses in the Southern District of California.

## FACTUAL BACKGROUND

17. Plaintiff, The Keep a Breast Foundation, Inc., ("KAB") is a well-recognized non-profit foundation organized in 2004 to raise breast cancer awareness and to promote its detection, prevention, and treatment. KAB's mission is to "help eradicate breast cancer by exposing young people to methods of prevention, early detection and support. Through art events, educational programs and fundraising efforts, [KAB] seeks to increase breast cancer awareness among young people so they are better equipped to make choices and develop habits that will benefit their long-term health and well-being." *Keep a Breast Mission Statement*; available at http://www.keep-a-breast.org/about/.

18. KAB's story began more than ten years ago when Shaney Jo Darden and Mona Mukherjea-Gehrig were deeply affected by a young friend's breast cancer diagnosis. Ms. Darden and Ms. Mukherjea-Geherig recognized a need to increase breast cancer awareness

among a generation that, due to its youth, had generally been ignored by traditional breast cancer awareness and prevention campaigns. Accordingly, they created KAB as a youth-based, breast cancer prevention, education and support organization.

19. KAB disseminates breast cancer-related educational materials through channels frequently used by mainstream media in an effort to increase awareness among young people. These distribution channels include popular music festivals, art events, and popular retailers. The critical component of the KAB's success is its ability to create and disseminate programming that resonates with young people.

20. KAB's "I LOVE BOOBIES!" campaign has become its most successful to date. KAB launched a line of "I LOVE BOOBIES!" and "I (HEART) BOOBIES!" - branded apparel and accessories in order to provide youths with a tool to engage in positive communication about breast cancer by removing the taboo. Every consumer of a product branded with the "I LOVE BOOBIES!" and "I (HEART) BOOBIES!" trademarks becomes an individual ambassador for KAB by raising awareness for the cause and further eroding the stigma traditionally associated with breast cancer. KAB's silicone bracelets have become the single most successful item KAB sells (see below).

21. In recognition of its ground-breaking approach in the fight against breast cancer, KAB and its Executive Director, Shaney Jo Darden, have been honored with numerous awards. These awards include the MySpace Impact Award for Health and Safety, TNT network's Dramatic Difference Award, the Yoplait Champion Award, and the 2011 SIMA (Surf Industry Manufacturers Association) Humanitarian of the Year Award.

22. KAB owns federal trademark registrations for KEEP A BREAST® (Reg. No. 3148275); the HEART & BREASTS® design (Reg. No. 3870574); the I (HEART) BOOBIES!® stylized trademarks (Reg. Nos. 4034885, 3940877, 3940876, 3940875, ); and additional applications for I LOVE BOOBIES, HEART & BREASTS, and I (HEART) BOOBIES! stylized designs (collectively referred to as "KAB Trademarks"). Exhibit A is as detailed summary of the KAB Trademarks.

23. The United States Patent and Trademark Office ("USPTO") registered the KEEP A BREAST® Trademark on September 26, 2006 for use with "educational services, namely, conducting seminars, art exhibitions, and workshops in the field of breast cancer awareness, causes, research and treatment; and entertainment services namely, live musical performances by a musical band." A true and correct copy of the Certificate of Registration for the KEEP A BREAST® trademark is attached hereto as Exhibit B.

24. The USPTO registered the HEART & BREASTS® Trademark on November 2, 2010 for use with "educational services, namely, conducting seminars, art exhibitions, and workshops in the field of breast cancer awareness, causes, research and treatment; and entertainment services, namely, live musical performances to promote breast cancer awareness, causes, research and treatment." A true and correct copy of the Certificate of Registration for the HEART & BREASTS® trademark is attached hereto as Exhibit C.

25. The USPTO registered the I (HEART) BOOBIES!® Trademark on October 4, 2011 for use with "Bracelets." A true and correct copy of the Certificate of Registration for the I (HEART) BOOBIES!® trademark is attached hereto as Exhibit D.

26. The USPTO registered the I (HEART) BOOBIES!® Trademark on January 18, 2011 for use with "License plate frames." A true and correct copy of the Certificate of Registration for the I (HEART) BOOBIES!® trademark is attached hereto as Exhibit E.

27. The USPTO registered the I (HEART) BOOBIES!® Trademark on April 5, 2011 for use with "Educational services, namely, conducting seminars, art exhibitions, and workshops in the field of breast cancer awareness, causes, research and treatment; and entertainment services, namely, live musical performances to promote breast cancer awareness, causes,

research and treatment." A true and correct copy of the Certificate of Registration for the I (HEART) BOOBIES!® trademark is attached hereto as Exhibit F.

28. The USPTO registered the I (HEART) BOOBIES!® Trademark on April 5, 2011 for use with "Charitable fundraising services." A true and correct copy of the Certificate of Registration for the I (HEART) BOOBIES!® trademark is attached hereto as Exhibit G.

29. The USPTO registered the I (HEART) BOOBIES!® Trademark on December 13, 2011 for use with "Belts; Socks." A true and correct copy of the Certificate of Registration for the I (HEART) BOOBIES!® trademark is attached hereto as Exhibit H.

30. The USPTO has issued notices of allowance ("NOA's") for several of Plaintiff's I (HEART) BOOBIES! and HEART & BREASTS applications. Being the final phase in the registration process, once the Plaintiff supplies the USPTO with formal statements affirming use in commerce, the applications will mature to registration. The NOA's are attached hereto as Exhibit I.

31. Goods bearing the KAB Trademarks are sold at retail locations throughout the United States as well as through Plaintiff's web site. Advertisements displaying KAB Trademarks have appeared on popular television and cable channels, in popular national newspapers and magazines, and in a wide variety of alternative forms of media including without limitation websites, blogs, and social networking platforms.

32. Notwithstanding Plaintiff's established rights both in the registered and pending KAB Trademarks, Defendants adopted and used the confusingly similar Infringing Marks.

33. On information and belief, Plaintiff hereon alleges that at least prior to October 12, 2011, Defendants were promoting, advertising, offering for sale and selling silicone bracelets bearing the slogan, "I (HEART) BOOBIES." These products were promoted on the Defendants' web site.

34. On information and belief, Plaintiff hereon alleges that at least prior to October 7, 2011, Defendants were promoting and advertising its goods and services using a design confusingly similar to Plaintiff's I (HEART) BOOBIES! ® trademark.

///

35. On October 7, 2011, via its general information e-mail, a member of the public contacted Plaintiff, alerting KAB that RINCO was selling bracelets bearing Plaintiff's trademark.

36. On October 12, 2011, counsel for KAB, Gary Sirota, initiated a telephone call to Defendants. Mr. Sirota spoke with a Jim Connor, of RINCO, and informed him that RINCO's activities; specifically, its sale of silicone bracelets bearing the confusing I (HEART) BOOBIES logo, infringed the KAB Trademarks. Mr. Sirota demanded that RINCO immediately cease its illegal activities, including making any reference to the Infringing Marks on RINCO's website. Mr. Sirota further required that RINCO provide an accounting such that the parties could resolve the infringement violations without resort to judicial intervention. During this same phone call, Mr. Connor agreed on behalf of RINCO, to immediately cease any infringing activities, delete any reference to the Infringing Marks on the RINCO website, to provide Mr. Sirota with an accounting reflecting infringing goods sold and those remaining in inventory, and to provide Mr. Sirota with information identifying the foreign manufacturer of the infringing goods. Mr. Connor also expressed RINCO's potential interest in procuring a license from KAB. That same day, Mr. Sirota sent two e-mails to Mr. Connor to confirm the contents of the foregoing conversation.

37. KAB is informed and believes, and on that basis alleges that at some point between October 12, 2011 and October 24, 2011, RINCO deleted its online listing for goods bearing the Infringing Marks. However despite committing to cease and desist from further infringement, during this time period, RINCO continued to fulfill orders made for goods bearing the Infringing Marks.

///

///

///

///

///

///

///

38. On October 14, 2011, Michelle Wenner, KAB's CFO, placed an order with RINCO for silicone bracelets bearing the Infringing Marks. On or about October 24, 2011, Ms. Wenner received a package of twenty-four (24) bracelets bearing the Infringing Marks from RINCO (see below).



39. On October 24, 2011, Mr. Sirota again contacted RINCO, informing Mr. Connor via e-mail that KAB was in possession of evidence proving RINCO continued to sell infringing goods (Ms. Wenner's purchase), and demanding the accounting to which Mr. Connor had previously committed.

40. On October 25, 2011, Mr. Connor replied on behalf of RINCO, claiming that he had not received Mr. Sirota's confirming emails of October 12, 2011, and explained that Ms. Wenner's purchase of goods bearing the Infringing Marks could have been the result of a lag in the system between removing the goods online and physical fulfillment. Mr. Connor noted that more information would be provided the following day.

41. On October 26, 2011, Mr. Connor informed Mr. Sirota that RINCO had 720 units "on order." Mr. Connor did not provide any additional details regarding RINCO's accounting or continued plans to abandon use of the Infringing Marks.

42. On October 27, 2011, Mr. Sirota informed Mr. Connor that the figure of 720 units "on order" was insufficient to provide a proper accounting. This is because RINCO's infringing product was packaged in a canister with twenty-four (24) bracelets each. Mr. Connor's statement of 720 units "on order" did not state whether it referred to 720 bracelets or 720 canisters (17,280 total). Accordingly, Mr. Connor's statement did not provide Plaintiff with the

accounting necessary to understand the extent of RINCO's infringement. Mr. Sirota requested a more detailed accounting, and informed Mr. Connor that RINCO's failure to do so would compel Plaintiff to file suit.

43. On or about October 29, 2011, Plaintiff was made aware that RINCO's infringing goods were being resold at the Louisiana State Fair, in Shreveport, Louisiana.

44. On October 31, 2011, Mr. Sirota notified Mr. Connor that RINCO's infringing goods continued to be discovered in the marketplace. Mr. Sirota provided Mr. Connor with a picture of RINCO's products on sale at the Louisiana State Fair. Mr. Sirota again informed RINCO that its failure to adequately respond and address Plaintiff's injuries would compel Plaintiff to file suit.

45. Since Mr. Connor's October 27, 2011 e-mail, RINCO has not provided KAB or its counsel any additional information regarding an accounting, or its efforts to redress Plaintiff's injuries.

46. On information and belief, Plaintiff thereon alleges that despite Defendants' repeated commitments to cease the sale of any infringing products, Defendants continued to sell infringing merchandise.

47. On information and belief, these activities and sales have caused actual confusion in the marketplace.

48. On information and belief, Defendants have realized substantial profits from the sale of the products bearing the Infringing Marks.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

**AS AGAINST ALL DEFENDANTS**

49. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

50. Plaintiff is the owner of the KAB Trademarks.

51. Plaintiff's KAB Trademarks have, through continuous and substantial use throughout the United States and elsewhere, become synonymous and associated with the KEEP

A BREAST brand and Plaintiff. Those unregistered KAB Trademarks have developed secondary meaning over time, are valuable, and are the source of substantial goodwill in the marketplace.

52. Plaintiff's KAB Trademarks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value, associated with quality products and the trademark owner's goodwill. The consuming public recognizes the KAB Trademarks and associates them with Plaintiff.

53. The registered KAB Trademarks are valid and inherently distinctive and have developed secondary meaning as applied to goods and services that bear the said marks.

54. The unregistered KAB Trademarks are inherently distinctive, have developed secondary meaning and will likely mature to valid registrations as applied to goods and services that bear the said marks.

55. Notwithstanding the Plaintiff's established rights in the KAB Trademarks, Defendants adopted and used the confusingly similar Infringing Marks—namely I (HEART) BOOBIES—in interstate commerce in connection with the sale and offering for sale of silicone bracelets together with marks confusingly similar to those owned by Plaintiff.

56. Plaintiff's use of the KAB Trademarks has priority of use over the Defendants' use of the Infringing Marks.

57. Defendants' products are sold to similar consumers as those to whom Plaintiff sells products bearing the KAB Trademarks.

58. Without consent, Defendants have used the Infringing Marks, together with marks identical and confusingly similar to KAB Trademarks, in connection with the sale, offering for sale, distribution or advertising of its goods.

59. Defendants have engaged in their infringing activity despite having constructive notice of federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of the Plaintiff's Trademarks.

60. Defendants' actions have likely led and are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage Plaintiff and the public.

61. Upon information and belief, Defendants have advertised and offered its goods for sale using the Infringing Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on the Plaintiff's reputation and goodwill.

62. Plaintiff has expressly and repeatedly requested that Defendants cease and desist from the infringing conduct but Defendants have failed to comply.

63. Defendants' unauthorized use of the Infringing Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(a) and is likely to cause consumer confusion, mistake, or deception.

64. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered, and will continue to suffer, loss of income, revenues, and goodwill. Furthermore, Defendants have unfairly acquired, and will continue to unfairly acquire income, profits, and goodwill.

65. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**FEDERAL TRADEMARK DILUTION (15 U.S.C § 1125(c))**

**AS AGAINST ALL DEFENDANTS**

66. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

67. As its second ground for relief, Plaintiff hereby alleges that Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68. Plaintiff's KAB Trademarks have become distinctive and famous as a result of many years of nationwide use and promotion by Plaintiff.

69. Defendants' first use of the Infringing Marks occurred many years after the KAB Trademarks had become famous.

///

///

70. Defendants' unauthorized use of the Infringing Marks in interstate commerce in the sale, advertising and promotion of its goods dilutes the distinctiveness, strength and value of the KAB Trademarks.

71. Defendants' unauthorized use of Infringing Marks, as alleged herein, with knowledge of Plaintiff's famous KAB Trademarks constitutes willful intent to cause dilution of the famous marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

72. Without injunctive relief, Plaintiff has no means by which to control the continuing dilution of its trademarks' distinctiveness. Plaintiff has been and will continue to suffer irreparable injury for which no adequate remedy exists at law.

**THIRD CAUSE OF ACTION**

**UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

**AS AGAINST ALL DEFENDANTS**

73. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

74. Defendants' unauthorized marketing and sale of products in interstate commerce using the Infringing Marks and marks confusingly similar to the KAB Trademarks, together with other product design elements, constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

75. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

76. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill meanwhile Defendants have and will continue to unfairly acquire income, profits, and goodwill.

77. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**TRADEMARK DILUTION UNDER CALIFORNIA LAW**

**AS AGAINST ALL DEFENDANTS**

78. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

79. Plaintiff hereby alleges Defendants have violated California's anti-dilution law under California Business & Professions Code §§ 14247 et seq.

80. Plaintiff's KAB Trademarks have become distinctive and famous as a result of many years of continuous and widespread use in California as a designation of the source of Plaintiff's goods and services. Association arising from the similarity between Defendants' Infringing Marks and Plaintiff's famous KAB Trademarks is likely to impair the distinctiveness and harm the reputation of the KAB Trademarks.

81. Defendants' first use of the Infringing Marks in California occurred many years after the KAB Trademarks had become famous in California.

82. Defendants' unauthorized use of the Infringing Marks in California in the sale, advertising, and promotion of their goods dilutes the distinctiveness, strength and value of the KAB Trademarks.

83. Defendants' unauthorized use of the Infringing Marks, as alleged herein, with knowledge of Plaintiff's famous KAB Trademarks constitutes willful intent to cause dilution of the famous marks in violation of California Business and Professions Code §§ 14247 et seq.

84. Without injunctive relief, Plaintiff has no means by which to control the continuing dilution of its trademarks' distinctiveness. Plaintiff has been and will continue to suffer irreparable injury for which no adequate remedy exists at law.

**FIFTH CAUSE OF ACTION**

**CALIFORNIA UNFAIR COMPETITION VIOLATIONS**

**AS AGAINST ALL DEFENDANTS**

85. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

86. Upon information and belief, Plaintiffs allege that the wrongful acts of the Defendants and each of them constitute unfair competition under state law, including without limitation, California Business & Professions Code §§ 17200 et seq.

87. Upon information and belief, Plaintiff alleges that Defendants' intentional acts of trademark infringement are unlawful, deceptive, and/or unfair business acts and/or practices that constitute unfair competition under California state law.

88. Defendants' acts are likely to deceive the public in that it misleads the public into thinking that there is an affiliation between Plaintiff and the Defendants, and/or that Plaintiff endorses the Defendants' products and/or business practices.

89. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, numerous members of the public purchased products without realizing that products bearing the Infringing Marks were not affiliated with Plaintiff.

90. Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such business acts or practices.

91. Plaintiff is informed and believes and thereon alleges that Defendants' improper and unlawful acts as alleged herein constitute unfair, deceptive, untrue, and misleading advertising.

92. By reason of the conduct alleged herein, Defendants are guilty of malice, oppression, and willful disregard of the rights of Plaintiff.

93. Defendants' unlawful, unfair, deceptive, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising constitute despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294 and justify an award of exemplary and punitive damages against Defendants.

94. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained and will sustain injury to its business and property in an amount not yet precisely ascertainable, but which includes the loss of sales, diminution in value of its trademarks, and loss of reputation and goodwill.

**SIXTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**AS AGAINST ALL DEFENDANTS**

95. Plaintiff re-alleges the paragraphs set forth above and incorporates them here by reference.

96. By engaging in the conduct described in this Complaint, Defendants have been unjustly enriched by their sale of apparel and accessories bearing marks identical to, or confusingly similar with, Plaintiff's KAB Trademarks, inducing consumers to purchase Defendants' products.

97. As a proximate result of Defendants' unlawful, fraudulent, and unfair conduct, Defendants have obtained revenues by which they became unjustly enriched at Plaintiff's expense. Under the circumstances alleged herein, it would be unfair and inequitable for Defendants to retain any income, profits or goodwill they have unjustly obtained at the expense of Plaintiff.

98. Accordingly, Plaintiff seeks an order establishing Defendants as constructive trustees of the profits that served to unjustly enrich them, together with interest during the period which Defendants have retained such funds, and requiring Defendants to disgorge those funds to Plaintiff.

///

///

///

///

///

///

///

///

///

///

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests this court:

1. Enter judgment in favor of Plaintiff on all causes of action;

2. Permanently enjoin and restrain Defendants and their officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons in active concert or participation with any of them, from infringing the KAB Trademarks, including the I LOVE BOOBIES logo; the I (HEART) BOOBIES®! Trademark; and the HEART & BRESTS® Trademark;

3. Order Defendants to file with the Court and serve on Plaintiff, within thirty days after issuance, an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

4. Order Defendants to account to Plaintiff for, and disgorge to Plaintiff, all profits they have derived as a result of the unlawful acts complained of above;

5. Award Plaintiff actual damages sustained by Defendants' trademark infringement, trebled under 15 U.S.C. § 1117, in an amount to be proved at trial;

6. Find this case to be exceptional and award Plaintiff its attorneys' fees pursuant to 15 U.S.C. § 1117;

7. Award Plaintiff additional actual damages and Defendants' profits in an amount to be proven at time of trial;

8. Award Plaintiff additional punitive damages as authorized by law;

9. Award Plaintiff costs and prejudgment interest on all damages;

10. Award Plaintiff its attorneys' fees;

11. Award Plaintiff such other and further relief as the court deems appropriate; and

///

///

///

///

///

12. Order that Defendants are jointly and severally liable for all damages awarded.

Dated: December 16, 2011

**COAST LAW GROUP, LLP**

By: s/ David A. Peck

DAVID A. PECK, ESQ.
Attorneys for Plaintiff
THE KEEP A BREAST FOUNDATION
Email: DPeck@CoastLawGroup.com

**DEMAND FOR JURY TRIAL**

Plaintiff, The Keep a Breast Foundation hereby demands trial of this matter by jury.

Dated: December 16, 2011

**COAST LAW GROUP, LLP**

By: s/ David A. Peck

DAVID A. PECK, ESQ.
Attorneys for Plaintiff
THE KEEP A BREAST FOUNDATION
Email: DPeck@CoastLawGroup.com