**GREENBERG TRAURIG, LLP**
Gregory Nylen (SBN 151129) (nyleng@gtlaw.com)
Nina D. Boyajian (SBN 246415) (boyajiann@gtlaw.com)
2450 Colorado Avenue, Suite 400 East
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant
RHODE ISLAND NOVELTY, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE KEEP A BREAST FOUNDATION, a non-profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>RHODE ISLAND NOVELTY, INC., a corporation,<br><br>    Defendants. | CASE NO. 11-CV-2936 H WMc<br><br>**ANSWER TO COMPLAINT FOR: FEDERAL TRADEMARK INFRINGEMENT; FEDERAL DILUTION; FEDERAL UNFAIR COMPETITION; CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION; UNFAIR COMPETITION; UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Rhode Island Novelty, Inc. ("RINCO"), for itself and for no one else, hereby responds to each numbered paragraph in the Complaint of Plaintiff, The Keep a Breast Foundation ("KAB"), as follows:

## INTRODUCTION

1.    RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2.    RINCO admits that KAB purports to assert claims for trademark infringement, dilution, injury to business reputation, unfair competition, and deceptive trade practices arising under the Lanham Act; the California anti-dilution statute; the California unfair business practices statute; and the common law, but denies that KAB has alleged any valid claims, denies the substance of all alleged claims, and denies that KAB is entitled to any relief sought in this action.

3.    RINCO admits that it offered for sale products that Plaintiff alleged infringed one or more of its registered trademarks, and admits that such products were obtained from a third-party manufacturer located in China that offered such products along with thousands of other products to RINCO.  RINCO further admits that it is not connected or affiliated with Plaintiff, the identity of which has already been provided to KAB. RINCO is without sufficient information to form a belief as to the truth as to whether such products were manufactured by, or under license by, Plaintiff, and therefore denies the same. RINCO denies the remaining allegations contained in paragraph 3 of the Complaint.

4.    RINCO denies that that it sells competing goods to the same consumers served by Plaintiff, and denies that KAB is entitled to the relief that it seeks.  RINCO is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5.    RINCO denies that allegations contained in paragraph 5 of the Complaint.

6.    RINCO admits that KAB purports to seek injunctive relief, damages, the imposition of a constructive trust, and other relief, and denies that KAB is entitled to any

such relief sought in this action.

## PARTIES

7.    RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8.    RINCO admits the allegations in paragraph 8 of the Complaint.

9.    RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10.    RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

## JURISDICTION

11.    RINCO admits that KAB purports to assert claims arising under the Lanham Act, but denies that KAB has alleged any valid claims, denies the substance of all alleged claims, and denies that KAB is entitled to any relief sought in this action.

12.    RINCO admits the allegations in paragraph 12 of the Complaint.

13.    RINCO admits that it has ships goods via common carrier to customers located in the State of California.  RINCO denies the remaining allegations in paragraph 13 of the Complaint.

14.    RINCO denies the allegations in paragraph 14 of the Complaint.

## VENUE

15.    RINCO admits that it has ships goods via common carrier to customers located in the State of California. RINCO denies the remaining allegations in paragraph 15 of the Complaint.

16.    RINCO admits that it has ships goods via common carrier to customers located in the State of California.  RINCO denies the remaining allegations in paragraph 16 of the Complaint.

ANSWER TO COMPLAINT

## FACTUAL BACKGROUND

17.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies the same.

18.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies the same.

19.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

20.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies the same.

21.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies the same.

22.   RINCO admits that the USPTO issued U.S. Reg. Nos. 3,148,275; 3,870,574; 4,034,885; 3,940,877; 3,940,876; and 3,940,875, and that the records of the U.S. Patent and Trademark Office speak for themselves.  RINCO is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and therefore denies the same.

23.   RINCO admits that Exhibit B purports to be a copy of U.S. Reg. No. 3,148,275 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint, and therefore denies the same.

24.   RINCO admits that Exhibit C purports to be a copy of U.S. Reg. No. 3,870,574 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint, and

4

therefore denies the same.

25.    RINCO admits that Exhibit D purports to be a copy of U.S. Reg. No. 4,034,885 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

26.    RINCO admits that Exhibit E purports to be a copy of U.S. Reg. No. 3,940,877 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and therefore denies the same.

27.    RINCO admits that Exhibit F purports to be a copy of U.S. Reg. No. 3,940,876 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint, and therefore denies the same.

28.    RINCO admits that Exhibit G purports to be a copy of U.S. Reg. No. 3,940,875 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and therefore denies the same.

29.    RINCO admits that Exhibit H purports to be a copy of U.S. Reg. No. 4,072,063 that speaks for itself, and is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and therefore denies the same.

30.    RINCO admits that Exhibit I purports to be a copy of issued notices of allowance from the U.S. Patent and Trademark Office that speak for themselves. The remaining allegations in paragraph 30 of the Complaint are statements of U.S. Patent and Trademark Office practice and procedure that do not require an admission or denial from RINCO.

31.    RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and therefore denies the

1    same.

2         32.    RINCO denies the allegations contained in paragraph 32 of the Complaint.

3         33.    RINCO admits that it was previously offering for sale products that KAB
4    alleges infringed one or more of its registered trademarks, and denies the remaining
5    allegations contained in paragraph 33 of the Complaint.

6         34.    RINCO admits that it was previously offering for sale products that KAB
7    alleges infringed one or more of its registered trademarks, and denies the remaining
8    allegations contained in paragraph 34 of the Complaint.

9         35.    RINCO is without sufficient information to form a belief as to the truth of
10   the allegations contained in paragraph 35 of the Complaint, and therefore denies the
11   same.

12        36.    RINCO admits that Connor spoke to Gary Sirota on or about October 12,
13   2011. RINCO denies the remaining allegations contained in paragraph 36 of the
14   Complaint.

15        37.    RINCO admits that it removed online references to the allegedly infringing
16   products, and continued to investigate facts involving Sirota's allegations.   RINCO
17   denies the remaining allegations in paragraph 37 of the Complaint.

18        38.    RINCO admits that within twenty four hours after Sirota's first allegations
19   of infringement and during RINCO's investigation of such allegations, KAB placed an
20   order for the accused products. RINCO is without sufficient information to form a belief
21   as to the truth of the remaining allegations contained in paragraph 38 of the Complaint,
22   and therefore denies the same.

23        39.    RINCO admits that Sirota contacted Connor again, and is without sufficient
24   information to form a belief as to the truth of the remaining allegations contained in
25   paragraph 39 of the Complaint, and therefore denies the same.

26        40.    RINCO admits that Connor emailed to Sirota on October 25, 2011
27   information regarding the inventory of accused products and that such email speaks for
28   itself, and denies any allegations inconsistent with its contents.

ANSWER TO COMPLAINT

41.     RINCO admits that Connor provided inventory information to Sirota relating to the accused products, and denies the remaining allegations contained in paragraph 41 of the Complaint.

42.     RINCO admits that Connor and Sirota had further discussions regarding RINCO's remaining inventory of accused products, and that due to the type of customers that purchase RINCO's products, the accused products offered by RINCO were packaged as units each containing 24 bracelets. RINCO denies the remaining allegations contained in paragraph 42 of the Complaint.

43.     RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies the same.

44.     RINCO admits that Sirota contacted Connor about sales that had been made and processed prior to KAB's complaint, and that Sirota was advised that RINCO had taken action to withdraw the accused products from its inventory of over 40,000 products in a timely manner. RINCO denies the remaining allegations contained in paragraph 44 of the Complaint.

45.     RINCO denies the allegations contained in paragraph 45 of the Complaint, and affirmatively states that subsequent to the filing of the instant complaint, provided sales figures, as well as inventory, revenue and profit information to KAB, and offered payment of its gross profits to resolve this litigation, which has been refused by KAB.

46.     RINCO denies the allegations contained in paragraph 46 of the Complaint.

47.     RINCO denies the allegations contained in paragraph 47 of the Complaint.

48.     RINCO denies the allegations contained in paragraph 48 of the Complaint and affirmatively states that that subsequent to the filing of the instant complaint, provided sales figures, as well as inventory, revenue and profit information to KAB, and offered payment of its gross profits to resolve this litigation, which has been refused by KAB.

ANSWER TO COMPLAINT

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

49.   RINCO incorporates its response to the preceding paragraphs of the Complaint.

50.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and therefore denies the same.

51.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and therefore denies the same.

52.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore denies the same.

53.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and therefore denies the same.

54.   RINCO denies the allegations contained in paragraph 54 of the Complaint.

55.   RINCO denies the allegations contained in paragraph 55 of the Complaint.

56.   RINCO is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and therefore denies the same.

57.   RINCO denies the allegations contained in paragraph 57 of the Complaint.

58.   RINCO denies the allegations contained in paragraph 58 of the Complaint.

59.   RINCO denies the allegations contained in paragraph 59 of the Complaint.

60.   RINCO denies the allegations contained in paragraph 60 of the Complaint.

61.   RINCO denies the allegations contained in paragraph 61 of the Complaint.

ANSWER TO COMPLAINT

62.   RINCO denies the allegations contained in paragraph 62 of the Complaint.

63.   RINCO denies the allegations contained in paragraph 63 of the Complaint.

64.   RINCO denies the allegations contained in paragraph 64 of the Complaint.

65.   RINCO denies the allegations contained in paragraph 65 of the Complaint, and denies that KAB is entitled to the relief it seeks.

## SECOND CAUSE OF ACTION
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

66.   RINCO incorporates its response to the preceding paragraphs of the Complaint.

67.   RINCO admits that KAB purports to assert a claim arising under § 1125(c) of the Lanham Act, but denies that KAB has alleged any valid claims, denies the substance of all alleged claims, and denies that KAB is entitled to any relief sought in this action.

68.   RINCO denies the allegations contained in paragraph 68 of the Complaint.

69.   RINCO denies that the KAB Trademarks have become famous, and denies the remaining allegations contained in paragraph 69 of the Complaint.

70.   RINCO denies the allegations contained in paragraph 70 of the Complaint.

71.   RINCO denies the allegations contained in paragraph 71 of the Complaint.

72.   RINCO denies the allegations contained in paragraph 72 of the Complaint, and denies that KAB is entitled to the relief it seeks.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

73.   RINCO incorporates its response to the preceding paragraphs of the

9

1 Complaint.

2   74.   RINCO denies the allegations contained in paragraph 74 of the Complaint.

3   75.   RINCO denies the allegations contained in paragraph 75 of the Complaint.

4   76.   RINCO denies the allegations contained in paragraph 76 of the Complaint.

5   77.   RINCO denies the allegations contained in paragraph 77 of the Complaint,
6 and denies that KAB is entitled to the relief it seeks.

7

8 **FOURTH CAUSE OF ACTION**

9 **TRADEMARK DILUTION UNDER CALIFORNIA LAW**

10

11   78.   RINCO incorporates its response to the preceding paragraphs of the
12 Complaint.

13   79.   RINCO admits that KAB purports to assert a claim arising under
14 California's anti-dilution law, but denies that KAB has alleged any valid claims, denies
15 the substance of all alleged claims, and denies that KAB is entitled to any relief sought in
16 this action.

17   80.   RINCO denies the allegations contained in paragraph 80 of the Complaint.

18   81.   RINCO denies that the KAB Trademarks have become famous, and denies
19 the remaining allegations contained in paragraph 81 of the Complaint.

20   82.   RINCO denies the allegations contained in paragraph 82 of the Complaint.

21   83.   RINCO denies the allegations contained in paragraph 83 of the Complaint.

22   84.   RINCO denies the allegations contained in paragraph 84 of the Complaint,
23 and denies that KAB is entitled to the relief it seeks.

24

25 **FIFTH CAUSE OF ACTION**

26 **CALIFORNIA UNFAIR COMPETITION VIOLATIONS**

27

28   85.   RINCO incorporates its response to the preceding paragraphs of the

10

ANSWER TO COMPLAINT

1  Complaint.

2      86.   RINCO admits that KAB purports to assert a claim for unfair competition

3  under state law, but denies that KAB has alleged any valid claims, denies the substance

4  of all alleged claims, and denies that KAB is entitled to any relief sought in this action.

5      87.   RINCO denies the allegations contained in paragraph 87 of the Complaint.

6      88.   RINCO denies the allegations contained in paragraph 88 of the Complaint.

7      89.   RINCO denies the allegations contained in paragraph 89 of the Complaint.

8      90.   RINCO denies the allegations contained in paragraph 90 of the Complaint,

9  and affirmatively states that subsequent to the filing of the instant complaint, provided

10  sales figures, as well as inventory, revenue and profit information to KAB, and offered

11  payment of its gross profits to resolve this litigation,  which has been refused by KAB.

12      91.   RINCO denies the allegations contained in paragraph 91 of the Complaint.

13      92.   RINCO denies the allegations contained in paragraph 92 of the Complaint.

14      93.   RINCO denies the allegations contained in paragraph 93 of the Complaint,

15  and denies that KAB is entitled to the relief it seeks.

16      94.   RINCO denies the allegations contained in paragraph 94 of the Complaint.

17

18                    **FIFTH CAUSE OF ACTION**

19                    **UNJUST ENRICHMENT**

20

21      95.   RINCO incorporates its response to the preceding paragraphs of the

22  Complaint.

23      96.   RINCO denies the allegations contained in paragraph 96 of the Complaint.

24      97.   RINCO denies the allegations contained in paragraph 97 of the Complaint,

25  and affirmatively states that subsequent to the filing of the instant complaint, provided

26  sales figures, as well as inventory, revenue and profit information to KAB, and offered

27  payment of its gross profits to resolve this litigation,  which has been refused by KAB.

28      98.   RINCO denies the allegations contained in paragraph 98 of the Complaint,

and affirmatively states that subsequent to the filing of the instant complaint, provided sales figures, as well as inventory, revenue and profit information to KAB, and offered payment of its gross profits to resolve this litigation, which has been refused by KAB.

## REQUEST FOR RELIEF

The remaining allegations are a prayer for relief that does not require an admission or denial by RINCO. To the extent a response is required, the allegations are denied. RINCO denies that Plaintiff is entitled to any of the relief demanded in its prayer for relief, or that it is entitled to any relief at all.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1.     RINCO reserves the right to raise all affirmative defenses and additional defenses, including those permitted by Rule 12(b) of the Federal Rules of Civil Procedure, should such defenses become apparent based on discovery in this matter.

2.     The Complaint fails to state a claim upon which relief may be granted.

3.     RINCO affirmatively alleges the defenses of estoppel, acquiescence, waiver, and laches.

4.     Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

5.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

6.     Plaintiff's claims are barred in whole or in part because the accused bracelets bear ornamental designs and are not an indication of source.

7.     Plaintiff's recovery is barred in whole or in part by Plaintiff's failure to mitigate the alleged damages.

8.     The Complaint is barred in whole or in part because any damages alleged by KAB were not caused by RINCO because RINCO purchased the alleged infringing goods as part of high volume purchases from manufacturers located in China.

ANSWER TO COMPLAINT

1    9.    RINCO's alleged infringement was innocent and was done without
2 RINCO's knowledge or awareness of KAB's claims of trademark rights, and none of the
3 alleged conduct was willful and malicious or conduct that manifests a knowing and
4 reckless indifference toward, and a disregard of, the rights of KAB because RINCO
5 believes that the allegedly infringing goods purchased in bulk from a manufacturer
6 located in China lacked any ® or TM marking to put RINCO on notice of any claims to
7 trademark rights in the goods.

8    WHEREFORE, having fully answered, RINCO respectfully requests that this
9 Complaint be dismissed with prejudice, that KAB be denied the relief that it seeks, and
10 that RINCO be awarded its costs of the suit, including attorneys' fees and costs under
11 applicable federal and state law, and such other and further relief as the Court deems just
12 and equitable.

13

14 DATED: March 6, 2012                    GREENBERG TRAURIG, LLP

15

16                                        By :    /s/ Gregory A. Nylen
17                                                Gregory A. Nylen
                                                  Attorneys for Defendant
18                                                Rhode Island Novelty Inc.

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Fed. R. Civ. P. 38(b), RINCO demands a jury trial on all issues that

3 can be heard by a jury.

4

5 DATED:  March 6, 2012                    GREENBERG TRAURIG, LLP

6

7                              By :     /s/ Gregory A. Nylen

8                                     Gregory A. Nylen
                                      Attorneys for Defendant
9                                     Rhode Island Novelty Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.

On March 6, 2012, served I served the document(s) described as **ANSWER TO COMPLAINT FOR: FEDERAL TRADEMARK INFRINGEMENT; FEDERAL DILUTION; FEDERAL UNFAIR COMPETITION; CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION; UNFAIR COMPETITION; UNJUST ENRICHMENT and JURY TRIAL DEMANDED** as follows:

David A Peck, Esq.
Coast Law Group LLP
1140 South Coast Highway 101
Encinitas, CA 92024
Tel: 760-942-8505; Fax: 760-942-8515
Email: dpeck@coastlawgroup.com
*Counsel for Plaintiff Keep A Breast Foundation*

☒ **(BY ELECTRONIC SERVICE)**   Pursuant to CM/ECF system, registration as a CM/ECF user constitutes consent to electronic serve through the Court's transmission facilities.   The Court's CM/ECF system sends a "Notice of Electronic Filing" of the filing to the parties and counsel of record listed below who are registered with the Court's EC/ECF System.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 6, 2012, at Santa Monica, California.

/s/ Gregory A. Nylen